Vernon Y. Lamoreaux, Plaintiff-Appellant, v. Robert Havranek, Defendant-Appellee.

Gen. No. 11,337.

Second District, First Division.

March 16, 1960.

Released for publication April 5, 1960.

Walter C. Wellman, of Chicago, for plaintiff-appellant.

Hooper, Bowers, Calkins, and Carney, of Downers Grove, and Rathje and Woodward, of Wheaton, for defendant-appellee.

JUSTICE SPIVEY delivered the opinion of the court.

 The Complaint of the plaintiff alleged that the defendant started a fire near plaintiff's property, that the fire got out of control by reason of negligence of the defendant, and plaintiff's barn and some personal property was destroyed on March 29, 1958. This suit was filed on November 8, 1958, and default judgment in the amount of $2,909.36 was entered on March 16, 1959. On April 30, 1959, a motion to set aside the default was filed and in opposition to this motion the plaintiff filed a motion to dismiss. Leave was granted the defendant to file an amended petition to vacate the judgment and the amended petition was filed. Plaintiff again moved to dismiss the amended petition thus admitting well pleaded facts in the petition to vacate the judgment.

The trial court denied plaintiff's motion to strike the amended petition, and vacated the judgment and granted leave to answer the complaint. Plaintiff contends that the trial court has abused his discretion in vacating the judgment for the reasons that the defendant's petition fails to show that the defendant acted with diligence and fails to show a meritorious defense to plaintiff's complaint. This appeal has been taken from the court's order.

The well pleaded facts in the amended petition and the exhibits attached show that the defendant did in fact start a fire which destroyed the plaintiff's barn. Thereafter plaintiff's attorney corresponded with de-

52

fendant's attorney in an attempt to arrange a settlement conference. The petition states that negotiations were continued after the time that the suit was filed but fails to state when such negotiations took place or how long they lasted. For all that is shown in the petition, the negotiations may have concluded on August 21, 1958, which is the date of the last communication between the attorneys as shown in the record, and not commenced again until after execution was served upon the defendant. All facts concerning negotiations would have been helpful to the court. The petition concedes that defendant was personally served with summons on November 11, 1958, and states that upon service, he delivered the summons and complaint to his attorney. The record is silent as to the date the summons and complaint were delivered to the attorney for the defendant although this fact also would have been of assistance to the court in a consideration of the merits. It is admitted that a default judgment was taken without notice when Plaintiff knew the defendant was represented by counsel. Likewise, failure to file an answer is admitted to have been due to inadvertence of counsel.

■ The petition also alleges that defendant's liability is questionable and that the defendant has a meritorious defense to plaintiff's claim. These statements are mere conclusions and are not well pleaded facts, and so do not stand as admitted for the purpose of this motion. "The mere statement that a defendant has a meritorious defense is not sufficient. The grounds and facts upon which the merits of the defense arise must be stated so that the court will be enabled to judge the merits of such defense." Whalen v. Twin City Barge & Gravel Co., 280 Ill. App. 596.

■ Examining the petition as we have, then, two contentions are offered as a basis for setting aside

the default. First, it is contended that since plaintiff knew the defendant was represented by counsel, and that negotiations had been conducted, plaintiff lulled the defendant into a sense of security and caused the defendant to conclude the cause could be amicably settled without litigation. This, defendant contends creates equitable considerations which prompted the trial court to grant the defendant relief in order to prevent an injustice. The defendant relies on Ellman v. De Ruiter, 412 Ill. 285, 106 N.E.2d 350, which establishes that a court may apply equitable principles in administering the summary relief available under the motion which has been substituted for writ of error coram nobis. However, the facts in each case must be considered, and the instant case has no factual similarity to the Ellman v. De Ruiter case, in this court's judgment. In that case, there was a course of conduct designed by a parties counsel to lull the defendant until the trial court's power over the proceeding ceased to exist. The Supreme Court said, "While there was no duty on the attorney to notify defendant of the default judgments, fair dealing would require that he inform defendant of the defaults when the question arose instead of pursuing a course calculated to keep the defendant in ignorance until the time he could make a direct attack on the judgments had expired."

█ Based on the record which we have, there is absent in the instant case any facts to indicate such a situation. In the absence of clearly stated facts to justify such an inference, this court will not and cannot supply such facts by inference or in any other manner. We find no occasion demanding the application of equitable principles in this case.

█ This being so, the only question to be determined is whether or not inadvertence of counsel is sufficient reason to set aside the judgment herein. It is clearly established that negligence of an attorney

will be imputed to the client. Nitsche v. City of Chicago, 280 Ill. 268, 117 N. E. 500. In Schultz v. Meiselbar, 144 Ill. 26, 32 N. E. 550, the court said, "The affidavits may be conceded to disclose a meritorious defense, but they show no reason why plea was not filed within the proper time, other than that the attorney employed by appellant to defend him in that case, and who represents appellant in this appeal, failed to do so, 'through press of business and inadvertence.' If this attorney was unable to attend to the case through press of business, it was plainly the duty of appellant to employ another attorney who could attend to it; and the negligence of the attorney in failing to file plea is the negligence of his client."

Without any knowledge as to the date when the summons and complaint were delivered to counsel, we cannot conclude that the defendant acted with due diligence or that the defendant had a meritorious defense to the claim of plaintiff. The motion in this cause was signed and verified by defendant's attorneys. These facts were available to the attorneys and in the absence of these facts of record, we can only conclude that the trial court abused his discretion in allowing the petition to vacate the judgment. The order of the Circuit Court of DuPage County is therefore reversed.

Judgment reversed.

McNEAL, P. J. and DOVE, J., concur.