Mutual National Bank of Chicago, Plaintiff and Counter-Defendant, Appellee, v. Joseph Kedzierski, Defendant and Counter-Plaintiff, Appellant.

Gen. No. 52,162.

First District, First Division.

March 4, 1968.

Isidore Goodman, of Chicago, for appellant.

Frank J. Wiedner and John P. McAuliffe, of Chicago (William J. Harte, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by Joseph Kedzierski, defendant and counterplaintiff, (hereinafter referred to as defendant) from an order of the trial court setting aside an ex parte judgment entered against Mutual National Bank of Chicago, plaintiff and counterdefendant, (hereinafter referred to as plaintiff).

It appears from the record that plaintiff brought an action sounding in contract against defendant, and that defendant filed a counterclaim. The cause was originally set for trial on July 27, 1966, and was continued until November 4, 1966. On the latter date no one appeared on behalf of the Bank. Its complaint was dismissed for want of prosecution and judgment was entered against

plaintiff on defendant's counterclaim for the sum of $1,080. On December 27th, 1966, a writ of execution was issued.

On February 9, 1967, plaintiff filed a written motion by its attorney to set aside the judgment of November 4th. Proceeding under section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 72) plaintiff alleged that it first learned of the default judgment entered against it on January 31, 1967. Plaintiff, in its brief, unverified petition, further alleged:

> That the counterdefendant missed this case on the call . . . That the counterdefendant had been in communication with the counterplaintiff by letter and by telephone concerning depositions with regard to matters of proof and was relying on this communication to continue before any trial of the issues was sought . . . That the counterdefendant has a meritorious defense and has acted with all due diligence in this matter . . . That to permit this default judgment to stand would be to work a grave injustice upon the counterdefendant.

Defendant filed written objections by his attorney in which it was alleged that on November 4, 1966, the cause appeared on the trial call and was listed in the Municipal Court Record of cases set for that day in Room 1304; that execution was served on plaintiff on or before December 30, 1966; that plaintiff's motion to set aside the judgment did not comply with section 72 in that it is not supported by affidavit; that plaintiff was guilty of negligence in not appearing in court on the date set for trial and was not diligent in the presentation of its motion to vacate, and the allegations in the motion as to due diligence and a meritorious defense are conclusions, not supported by the facts.

On February 9, 1967, the court overruled defendant's objections, and entered an order sustaining plaintiff's

motion to set aside the $1,080 judgment. The court file of the case being "short" on February 9th, the order did not get on the record. Upon notice, a draft order was entered on March 2, 1967, placing the order of record nunc pro tunc as of February 9th.

A proceeding under section 72 of the Civil Practice Act is the commencement of a new action although filed in the same proceeding, and is subject to the same rules of pleading as any other action. Wilson v. Wilson, 56 Ill App2d 187, 205 NE2d 636. The petition, like a complaint, must allege facts entitling the petitioner to the relief he seeks. Before relief is given under this section a petition must be filed in conformity with the requirements of the Act, which provides that "The petition must be supported by affidavit or other appropriate showing as to matters not of record." (Ill Rev Stats 1965, c 110, § 72(2).) Furthermore, a party seeking relief from a default judgment pursuant to section 72 must show (1) a meritorious defense and (2) the exercise of due diligence. Till v. Kara, 22 Ill App2d 502, 161 NE2d 363; Detres v. Rojo, 80 Ill App2d 38, 225 NE2d 100.

In the case at bar, plaintiff neither filed a verified petition nor any affidavits to support its allegations. The motion is replete with mere conclusions and is not supported by allegations of fact. Ultimate facts showing due diligence and a meritorious defense must be shown. This was not done, nor was any attempt made to amend the motion in conformity with the requirements of section 72.

The petitioner, through his attorney, alleges diligence by stating that it "missed this case on the call," and that it had been in communication with the defendant concerning depositions "and was relying on this communication to continue before any trial of the issues was sought." These allegations are insufficient to show that the plaintiff exercised due diligence. No facts are alleged showing an agreement between the parties that commu-

nications were to continue before the cause was brought to trial; nor are facts alleged showing that plaintiff's reliance on the continuation of communications was justified. The fact that the plaintiff missed the case on call does not demonstrate diligence. Indeed, it demonstrates lack of diligence. Williams v. Pearson, 23 Ill2d 357, 177 NE2d 856. The motion to vacate was filed more than three months after the trial date and more than thirty days after execution was served. This can hardly be said to represent the exercise of diligence, especially in the absence of the allegations of substantial facts that would adequately excuse the inaction shown.

 Plaintiff's petition fails to show facts upon which the trial court could properly base a finding that the Bank had a meritorious defense to defendant's counterclaim. The petition alleges that plaintiff has "a meritorious defense," however, no facts are alleged in support of this contention. A judgment or decree cannot stand when allegations are not supported by proof of facts in support thereof. Stowell v. Satorius, 413 Ill 482, 109 NE 2d 734. A petition under section 72 calls into play the sound discretion of the trial judge, and this discretion cannot be exercised when facts are not alleged in support of the contention that a meritorious defense exists. Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill App2d 270, 181 NE2d 187; Lamoreaux v. Havranek, 25 Ill App2d 51, 165 NE2d 547.

 Plaintiff relies upon Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350; Elfman v. Evanston Bus Co., 27 Ill 2d 609, 190 NE2d 348, and Mutual Truck Parts Co., Inc. v. Nelson, 69 Ill App2d 30, 216 NE2d 301. Undoubtedly, as plaintiff contends, these cases stand for the proposition that a motion under section 72 calls into effect the equitable powers of the trial court when such power is necessary to prevent injustice. However, the court will exercise its equitable powers to grant relief only when the facts and circumstances of the particular case call

for it. Park Ave. Lumber & Supply Co. v. Nils A. Hofverberg Inc., 76 Ill App2d 334, 222 NE2d 49. In Ellman the petition set out facts demonstrating that opposing counsel had acted unfairly, misleading petitioner until the power of the trial court over the cause ceased to exist. The Illinois Supreme Court concluded that this activity by counsel called for the exercise of equitable power by the trial court to prevent a failure of justice. The petition in the instant case does not set forth facts demonstrating that defendant's counsel was responsible for the Bank's failure to make an appearance within term time.

In Elfman the petition and supporting affidavits alleged that counsel's failure to appear was as the result of the serious illness of his mother. Furthermore, petitioner had alleged a meritorious defense and, as in Ellman, opposing counsel had taken advantage of petitioner's absence. In view of the foregoing circumstances the Supreme Court concluded that the petition and its supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court. In the case at bar, none of the circumstances that called for the allowance of petitioner's motion in Elfman is present.

In Mutual Truck a sworn petition alleged that petitioner was misinformed by the clerk of the court as to the new trial date after the granting of a continuance, and the Appellate Court concluded that a meritorious defense and due diligence had been shown. In the case at bar, the petition has not been sworn to nor have affidavits been submitted in support thereof. Furthermore, the petition does not allege misinformation as to the trial date by an officer of the court as the cause of plaintiff's failure to appear.

■■■ Only well-pleaded facts stand admitted for the purpose of our review of petitioner's motion, Lamoreaux v. Havranek, 25 Ill App2d 51, 165 NE2d 547. We conclude that plaintiff's petition did not set forth sufficient

factual allegations to entitle it to relief under section 72. The order of the trial court vacating the judgment for the sum of $1,080, in favor of Joseph Kedzierski, defendant and counterplaintiff and against Mutual National Bank of Chicago, plaintiff and counterdefendant, is reversed.

Reversed.

ADESKO and MURPHY, JJ., concur.