THE PEOPLE *ex rel.* SADIE McGRAW, Plaintiff-Appellant, v. HUEY MO-GILLES, Defendant-Appellee.

Second District  No. 2—84—0739

Opinion filed August 30, 1985.

Fred L. Foreman, State's Attorney, of Waukegan (Richard Cohen, Assistant State's Attorney, of counsel), for appellant.

William P. Anderson, of Fuqua, Winter, Wysocki & Stiles, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, People of the State of Illinois *ex rel.* Sadie McGraw, appeals from an order of the circuit court which granted a motion by defendant, Huey Mogilles, for relief from a judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) (formerly section 72 of the Civil Practice Act).

This is a paternity action brought on behalf of Sadie McGraw against defendant in March 1982. Defendant subsequently acknowledged he was the father of the infant child and on September 9, 1983, was ordered by the court to pay $35 per week as child support, reimburse plaintiff $340 for hospital bills and acquire military medical insurance for the child.

On October 10, 1983, the plaintiff filed a motion to reconsider and modify the order for child support in which it was alleged certain expenses submitted by defendant and taken into account in fixing child support were incorrect and should not have been so considered. Plaintiff requested the support be increased from the $35 ordered to $70 each week. The record discloses that notice of this motion and its hearing date of October 28, 1983, was mailed to defendant at Fort Sheridan, Illinois, and to his then attorney, Robert Heilgeist, at Lake Villa, Illinois. We have not been provided with a report of the proceedings held October 28; however, an order was entered by the trial court on that date raising the weekly child support to $70 per week. The order also noted that defendant failed to appear for the hearing.

On May 4, 1984, defendant's present attorneys entered their appearance on his behalf and filed a motion to vacate the order entered October 28 which had increased child support. The motion alleged that the order was entered more than 30 days after the September 9 final order setting child support, that no new evidence was presented of a change in circumstances and it was void as the trial court lacked jurisdiction. After a hearing held May 9, the motion to vacate was denied.

Defendant thereafter on July 6, 1984, filed a motion for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure which was executed by his attorney and which alleged that defendant's original counsel had failed to inform him his presence was necessary at the hearing in which child support was increased, and that the attorney had also failed to appear; that the attorney advised defendant the matter had been taken care of and it was not until a lien was filed upon defendant's earnings in April 1984 that he became aware the child support was increased; and, that defendant had made

each of the payments originally ordered on September 9, 1983. The motion also alleged "that the Respondent has a good and sufficient defense to the Motion to Reconsider and Modify Order of Child Support," but did not specify the nature of that defense.

Defendant's motion was supported by the affidavit of Willa M. Mogilles, his wife, who stated he was in the military stationed in Korea. It alleged that on receiving notice in October 1983 that plaintiff was filing a motion to reconsider and modify the order for child support, defendant's attorney was contacted and he advised he would take care of it and that defendant's presence was not required; that after the date of the hearing the attorney advised defendant it was taken care of and they needn't worry about it; that defendant made the payments originally ordered and didn't learn of the modified order of October 28, 1983, until a lien was placed against his earnings in April 1984. The affidavit also stated, "that the Respondent possesses a good defense and answer to said Motion to Reconsider and Modify Order of Child Support."

The trial court after a hearing entered orders granting defendant's motion for relief from judgment under section 2—1401 of the Code of Civil Procedure by vacating it, reducing child support to $35 per week and directing the Department of the Army to cease withholding funds from defendant's salary for that purpose. Plaintiff has appealed, and this court has stayed the judgment of the trial court.

Plaintiff initially contends that defendant's first motion to vacate the support order of October 28, 1983, which the trial court denied, must also be treated as a petition for relief from judgment under section 2—1401 as it was filed on May 4, 1984, more than 30 days after entry of the judgment sought to be vacated. Plaintiff argues that one cannot file successive motions to vacate a judgment under section 2—1401 and defendant was required to, but did not, appeal from the denial of his first motion and the trial court thus lacked jurisdiction to consider defendant's second motion from which he now appeals, citing, e.g., *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1140, 427 N.E.2d 645 and *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690, 306 N.E.2d 510.

Defendant responds that his first motion was to vacate the October 28, 1983, judgment on the grounds it was void as the trial court had lost jurisdiction 30 days after the September 9 judgment. He argues the motion may not be considered as brought under section 2—1401, citing *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965, and section 2—1401(f) of the Code of Civil Procedure, which provides:

"(f) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(f).

■ It is well established that a void judgment can be attacked at any time in either a direct or collateral proceeding. (See, *e.g., Dahl v. Grenier* (1984), 126 Ill. App. 3d 891, 893, 467 N.E.2d 992; *In re Marriage of Gryka* (1980), 90 Ill. App. 3d 443, 446, 413 N.E.2d 153, *appeal denied* (1981), 83 Ill. 2d 570; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 585, 366 N.E.2d 1015.) Every act of a court beyond its jurisdiction is void (*Stone & Adler, Inc. v. Cooper* (1974), 20 Ill. App. 3d 576, 579, 315 N.E.2d 56), and final orders entered without jurisdiction of the person or the subject matter are void. (*Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1140, 427 N.E.2d 645.) A trial court loses jurisdiction over a matter once 30 days have passed following the entry of a final and appealable order if, during that time, neither party takes any legally proper action which delays the 30-day period. *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d 1060; see section 2—1203 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203).

■ The first motion defendant filed following entry of the October 28, 1983, order raising child support to $70 was his May 4, 1984, motion to vacate that order. It alleged that the court lacked jurisdiction to enter the order which was void because it had been entered more than 30 days after entry of the original support order on September 9, 1983. Defendant's motion was not designated as under the provisions of section 2—1401; it alleged only that the order increasing child support was entered on October 28, being more than 30 days after the final and appealable order of September 9. We note, parenthetically, that the trial court correctly denied defendant's first motion to vacate; it is clear, as defendant now concedes, the court had jurisdiction to address plaintiff's motion to reconsider the September 9 judgment as it was timely filed on October 10. Although that was the 31st day after the original judgment was entered, the 30th day was a Sunday. See *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 415 N.E.2d 1060; Ill. Rev. Stat. 1983, ch. 110, par. 2—1203.

It is true, as urged by plaintiff, that a party may not avoid or extend the time for appeal of a final order by filing successive and repetitious motions to vacate the judgment. The rule applies both to a motion to vacate a final judgment brought within 30 days of its entry

pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203; see *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418, 255 N.E.2d 900), and to a motion brought after 30 days of entry of the judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 181, 372 N.E.2d 965; *In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805, 809, 407 N.E.2d 562; *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 247, 411 N.E.2d 886; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690, 306 N.E.2d 510; *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1138, 427 N.E.2d 645.) In the present case, however, defendant's second motion to vacate the judgment was not repetitive nor did it seek to relitigate questions already adjudicated.

Defendant's first motion to vacate, as we have described, raised the issue whether the trial court lacked jurisdiction to enter the new judgment increasing the amount of child support. The motion was denied and defendant, apparently realizing it was correctly denied, did not then seek to appeal nor has he sought review of that question in this appeal. Defendant's second motion to vacate the judgment, the granting of which is before us on this appeal, did not attempt to relitigate the jurisdictional issue, but sought relief from the judgment under the provisions of section 2—1401.

■ We do not find merit in plaintiff's argument that both of defendant's motions must be considered as under section 2—1401. This court has recently reaffirmed that a pleading attacking a judgment for lack of jurisdiction is not restricted to the requirements of section 2—1401 of the Code of Civil Procedure and void judgments may be set aside on motion even after 30 days from rendition. (*In re Marriage of Parks* (1984), 122 Ill. App. 3d 905, 909, 461 N.E.2d 681; see also *Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 332-33, 431 N.E.2d 58, *appeal denied* (1982), 91 Ill. 2d 557; *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 723, 413 N.E.2d 457; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 585, 366 N.E.2d 1015; *Stankowicz v. Gonzalez* (1981), 103 Ill. App. 3d 828, 831, 431 N.E.2d 1272.) Subsection (f) of section 2—1401 of the Code of Civil Procedure also acts to preserve the existing right of a party to seek relief from a void judgment by means other than section 2—1401, and we consider defendant by his first motion to vacate did so here.

Defendant was not, therefore, precluded from seeking relief from the judgment pursuant to section 2—1401, although he had earlier

sought vacation of the judgment as void on jurisdictional grounds. We do not intend to suggest that a defendant would be authorized to file successive and repetitious motions to vacate a judgment on this or any other grounds. A petition brought under section 2—1401 may not be used to relitigate questions which have been adjudicated. *In re Marriage of Ohlson* (1984), 126 Ill. App. 3d 374, 466 N.E.2d 1280.

Plaintiff contends, alternatively, that defendant's second motion brought under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) was legally insufficient as it failed to set forth a meritorious defense to the judgment sought to be vacated. We agree.

The purpose of a petition under section 2—1401 is to present to the trial court matters of fact not appearing of record which, if known to the court when the judgment was rendered, would have prevented its rendition. (*Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690, 306 N.E.2d 510.) Such petitions are addressed to the equitable powers of the court as justice and fairness require (*People v. Alfano* (1981), 95 Ill. App. 3d 1026, 1029-30, 420 N.E.2d 1114), and the grant of such a petition will only be reversed for an abuse of discretion. The remedy provided by section 2—1401, however, is a limited exception to the general rule that the trial court loses jurisdiction after 30 days of entering a judgment, and the petitioner must allege and prove a proper ground for relief. *In re Marriage of Emerson* (1983), 115 Ill. App. 3d 712, 717, 450 N.E.2d 987, *appeal denied* (1983), 96 Ill. 2d 539.

■ An essential requirement of a legally sufficient section 2—1401 petition is that it demonstrate a meritorious defense to the judgment or final order challenged. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284.) It is not sufficient for the petition and supporting affidavit to merely assert the existence of a meritorious defense, as in this case, without also pleading the relevant facts supporting the alleged defense; if the trial court grants a petition which fails to meet these requirements, a reviewing court will reverse that judgment. *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 461-63, 236 N.E.2d 336.

■ In the case at bar, defendant's motion and supporting affidavit merely alleged the existence of a meritorious defense without pleading any supporting facts; it was impossible to evaluate the quality of the unknown defense and the trial court erred in granting the motion. *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 461-63, 236 N.E.2d 336.

Defendant relies upon *Geller v. General Motors Corp.* (1980), 87

Ill. App. 3d 972, 410 N.E.2d 262, as authority for the proposition that a factual basis for his conclusionary allegation he had a meritorious defense need not be stated. *Geller* must be distinguished, however, as it relates to a petition to vacate an order dismissing a complaint, holding it is then unnecessary to reiterate the allegations of the complaint. (87 Ill. App. 3d 972, 976.) Defendant also contends there was no need to allege supporting facts because the nature of his defense is apparent on the face of the record as it presently exists. He asserts, for the first time on appeal, that plaintiff's motion to reconsider the original judgment was legally insufficient as it based on newly discovered evidence that defendant's earlier evidence at the original support hearing regarding his monthly expenses was not true in all respects, and that plaintiff's motion failed to show that the new evidence could not have been presented at the original hearing on September 9.

Since this argument is raised for the first time on appeal, and there appears to be no reason why it could not have been raised in defendant's section 2—1401 petition, it cannot now be considered in reviewing the sufficiency of defendant's claim of a meritorious defense. (*Collins v. Collins* (1958), 14 Ill. 2d 178, 185, 151 N.E.2d 813.) As no transcript of the hearing of defendant's section 2—1401 petition is available, review of this matter is limited to what appears in the petition and supporting affidavit. *Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1021, 410 N.E.2d 1166, *appeal denied* (1981), 82 Ill. 2d 583.

In view of the disposition of the issues we have discussed it is unnecessary to address other matters argued by the parties.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

LINDBERG and UNVERZAGT, JJ., concur.