(No. 75742▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HARRY L. GOSIER, Appellant.

*Opinion filed March 23, 1995.*

Kathleen T. Zellner and Michael D. Hemstreet, of Kathleen T. Zellner & Associates, of Naperville, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Arleen C. Anderson and Bradley P. Halloran, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

During the course of his jury trial, in the circuit court of Champaign County, defendant, Harry Gosier, pled guilty to charges of two separate murders and two separate aggravated criminal sexual assaults. Following his guilty pleas, the trial court found that the defendant was eligible for the death penalty. Subsequently, the jury that had originally been empaneled to determine

guilt found that there were no mitigating factors sufficient to preclude the imposition of the death penalty. The trial court then sentenced the defendant to death for the murders, and to consecutive 60-year sentences for the two counts of aggravated criminal sexual assault. On direct appeal, this court unanimously affirmed defendant's convictions and sentence. *People v. Gosier* (1991), 145 Ill. 2d 127.

Defendant thereafter filed a post-conviction petition (725 ILCS 5/122—1 *et seq.* (West 1992)), alleging that he should be allowed to withdraw his guilty plea because his plea had not been voluntarily given, and that he should be given a new sentencing hearing because he was not afforded effective assistance of counsel at the hearing. The trial court denied relief without an evidentiary hearing. Defendant has filed the instant appeal, seeking an evidentiary hearing on his petition's allegations.

Finding no merit in the allegations and no basis for an evidentiary hearing, we affirm the denial of post-conviction relief. The facts which underlie defendant's conviction are discussed in detail in defendant's first direct appeal (see *Gosier*, 145 Ill. 2d 127) and will be repeated here only insofar as they are relevant to the present appeal.

I

Defendant first contends that his guilty plea was not knowing, intelligent or voluntary because he was not legally competent at the time the plea was made.

The State asserts that this contention is waived because this court addressed the validity of defendant's guilty plea on direct appeal. Defendant counter-argues, however, that this court did not directly address the validity of his guilty plea, for it merely held that the trial court properly admonished defendant pursuant to Supreme Court Rule 402.

At the outset, we note that, on direct appeal, defendant argued unsuccessfully that his plea violated the constitution because he was never admonished that he could plead guilty but mentally ill; that the trial court improperly denied his request to withdraw his guilty plea and to substitute a plea of guilty but mentally ill; and that the trial court improperly denied his post-trial motion to withdraw his guilty plea. (*Gosier*, 145 Ill. 2d at 133.) Therefore, it is true that defendant did not raise the precise issue on direct appeal which he now raises, *i.e.*, that due to his state of mind at the time of the plea, no type of admonishment would have made his plea a knowing, intelligent, or voluntary act.

Under the doctrine of *res judicata* and waiver, the purpose of post-conviction review is limited to constitutional matters which have not been, and could not have been, previously adjudicated. (*People v. Winsett* (1992), 153 Ill. 2d 335, 346.) Consequently, claims that either were raised on direct appeal or could have been raised on direct appeal, but were not, will not ordinarily be considered in a post-conviction proceeding. *People v. Collins* (1992), 153 Ill. 2d 130.

Defendant vigorously attacked several trial court determinations relating to his guilty plea on his direct appeal to this court. He offers no explanation for his failure to raise his present allegation regarding the guilty plea. Therefore, since defendant could have raised this issue on direct appeal, but failed to do so, the issue is waived.

## II

Defendant next contends that he was denied effective assistance of counsel at his sentencing hearing. According to the defendant, his counsel was ineffective because (1) he failed to investigate and present mitigation evidence regarding defendant's childhood, and (2) he failed to inform the defendant that he could have a new jury empaneled for his sentencing hearing.

Initially, the State asserts that defendant raised the ineffective-assistance-of-counsel claim on direct appeal and therefore this issue is waived. However, defendant's present ineffective-assistance-of-counsel claim is supported by affidavits providing evidentiary information and facts that were not in the record on his direct appeal. (See, *e.g.*, *People v. Owens* (1989), 129 Ill. 2d 303.) Therefore, we will address this argument.

Claims of ineffective assistance of counsel are examined under the stringent two-prong test established in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. (*People v. Albanese* (1984), 104 Ill. 2d 504, 526.) Under *Strickland*, a defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness, as measured by reference to prevailing professional norms, and (2) that the substandard representation so prejudiced defendant that there is a reasonable probability that, absent the errors, the outcome would have been different. *Strickland*, 466 U.S. at 687-88, 80 L. Ed. 2d at 693-94, 104 S. Ct. at 2064-65.

Defendant first contends that his attorney failed to elicit mitigating testimony which would have described defendant's history of neglect and abuse as a child. Defendant attached affidavits of several potential witnesses to his motion for post-conviction relief which detailed defendant's childhood abandonment by his mother, his placement in a succession of foster homes, and his bizarre childhood behavior. Defense counsel did not have these potential witnesses testify to those circumstances at trial.

Defendant overlooks the fact, however, that defense counsel *did* present evidence of defendant's troubled childhood to the sentencing jury. Dr. Tanay, defendant's mitigation witness, testified, *inter alia*, that defendant suffered from a personality disorder that began in early

childhood; that defendant's mother abandoned him and he was placed in a number of foster homes; that defendant's childhood was "terrible"; and that due to defendant's troubled childhood, defendant was unable to establish or maintain intimate relationships as an adult. Therefore, we agree with the State that any further evidence of defendant's troubled childhood would have been merely cumulative.

Moreover, defense counsel appears to have made a strategic decision not to have mitigation witnesses reiterate Dr. Tanay's description of defendant's childhood. As this court observed on direct appeal, defense counsel called eight witnesses who testified about defendant's "good" character. (*Gosier*, 145 Ill. 2d at 158.) Through this character testimony, defense counsel attempted to place defendant in a positive light. The fact that another attorney might have pursued a different strategy is not a factor in the competency determination (see *People v. Hillenbrand* (1988), 121 Ill. 2d 537, 548-49), for strategic choices are virtually unchallengeable (*People v. Franklin* (1990), 135 Ill. 2d 78, 117). Defendant's contention must therefore be rejected.

Defendant attacks his counsel's performance on another ground. He argues that defense counsel was ineffective for failing to inform him that he was entitled to a new jury for the sentencing hearing.

The death penalty sentencing hearing statute provides:

"Where requested by the State, the court shall conduct a separate sentencing proceeding to determine the existence of factors set forth in subsection (b) and to consider any aggravating or mitigating factors as indicated in subsection (c). The proceeding shall be conducted:

(1) before the jury that determined the defendant's guilt; or

(2) before a jury impaneled for the purpose of the proceeding if:

A. the defendant was convicted upon a plea of guilty; or

B. the defendant was convicted after a jury trial before the court sitting without a jury; or

C. the court for good cause shown discharges the jury that determined the defendant's guilt; or

(3) before the court alone if the defendant waives a jury for the separate proceeding." (720 ILCS 5/9—1(d) (West 1992).)

According to defendant, the plain language of the statute indicates that a defendant who is convicted upon a plea of guilty is entitled to have a new and separate jury empaneled for the sole purpose of determining his sentence, and defense counsel's failure to inform defendant of this fact renders him ineffective.

Simply stated, defendant misreads the sentencing statute. The statute merely ensures the defendant, under a variety of guilt-adjudication schemes, the right to have his sentence determined by a jury. In the case at bar, defendant was afforded that right. He was sentenced by the jury which was originally called, although not ultimately required, to determine his guilt. The circumstances here are unlike the typical circumstances contemplated by subsection (2)(A) of the sentencing statute, where, due to a defendant's guilty plea, a jury is unnecessary, but where defendant nonetheless retains the right to have his sentencing hearing conducted before a jury. Contrary to defendant's assertion, the State is not required to provide a defendant with a separate jury panel for sentencing purposes simply because he unexpectedly pleads guilty during the pendency of his initial jury trial. Therefore, defendant was not entitled, as a matter of law, to a new jury at the sentencing hearing.

The State contends, and we agree, that defendant would only have been entitled to a new jury upon a

showing of good cause. (*People v. Edgeston* (1993), 157 Ill. 2d 201.) Even assuming, *arguendo,* that defense counsel should have informed defendant that a potential good-cause option might be available, there is nothing at all to indicate any good-cause basis. Neither is there any reason at all to conclude that another jury would have come to a different sentencing conclusion. Therefore, any claim of prejudice defendant makes in this regard is pure conjecture and speculation, and cannot support an ineffective-assistance-of-counsel claim. (See *People v. Williams* (1990), 139 Ill. 2d 1, 11.) Therefore, defendant's claim must be rejected.

### III

Lastly, defendant contends that the Illinois death penalty statute is unconstitutional because it fails to guard against the discriminatory, arbitrary and capricious imposition of the death penalty.

Since defendant's claim was raised and rejected on direct appeal (see *Gosier,* 145 Ill. 2d at 164-65), it is *res judicata.* Therefore, this argument will not be addressed.

Accordingly, the judgment of the circuit court is affirmed. We direct the clerk of this court to enter an order setting Tuesday, September 26, 1995, as the date on which the sentence of death entered by the circuit court is to be carried out. The defendant shall be executed in a manner provided by law (725 ILCS 5/119—5 (West 1992)). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, the warden at Stateville Correctional Center, and the warden of the institution where the defendant is now confined.

*Affirmed.*