76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harry GOSIER, Petitioner-Appellant,
v.
George C. WELBORN, Warden, Respondent-Appellee.
 No. 95-3696.
 United States Court of Appeals, Seventh Circuit.
 Jan. 24, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Harry Gosier, who is under sentence of death from the State of Illinois, filed a "notice of intent to file a petition for a writ of habeas corpus", together with a request for the appointment of counsel. The district judge summarily denied this request on the ground that until Gosier has filed a petition for habeas corpus, there is no proceeding in which the court may appoint counsel. Gosier has appealed. Because nothing remains for decision in the district court, the order is final and appealable.
 
 
 2
 The district court did not cite any case and appears to have been unaware of McFarland v. Scott, 114 S.Ct. 2568 (1994), which holds that a prisoner may be entitled to an appointment of counsel to prepare a petition for collateral review in a capital case. McFarland does not authorize all of the relief Gosier seeks--for example, because Illinois has yet to set an execution date, there is nothing to stay--but does support the request for counsel. Gosier's conviction and sentence were affirmed on direct appeal, see People v. Gosier, 145 Ill.2d 127, 582 N.E.2d 89 (1991), and collateral proceedings were unavailing, People v. Gosier, 165 Ill.2d 16, 649 N.E.2d 364 (1995), so it appears to be time for Gosier to file a request in federal court.
 
 
 3
 The district court is entitled to control the length of time counsel has under McFarland to prepare and file a petition. See In re Parker, 49 F.2d 204 (6th Cir.1995). We leave this and all related issues--including the requests to appoint counsel and to fix the fee to be paid under 21 U.S.C. § 848(q)(4)(B)--to the district court in the first instance. The judgment is vacated, and the case is remanded for proceedings consistent with McFarland and this order.