792 N.E.2d 1266 (2001)
205 Ill.2d 198
275 Ill.Dec. 493
The PEOPLE of the State of Illinois, Appellee,
v.
Harry GOSIER, Appellant.
No. 89363.
Supreme Court of Illinois.
October 18, 2001.
*1267 Robert H. Farley, Jr., Naperville, and Stephen E. Eberhardt, Tinley Park, for appellant.
James E. Ryan, Attorney General, Springfield (Joel D. Bertocchi, Solicitor General and William L. Browers and Mary Beth Burns, Assistant Attorneys General, Chicago, of counsel), for the People.
Justice FREEMAN delivered the opinion of the court:
During a jury trial conducted in the circuit court of Champaign County, defendant, Harry Gosier, pled guilty to charges of two murders and two separate aggravated criminal sexual assaults. After accepting the guilty pleas, the circuit court found that defendant was eligible for the death penalty. Subsequently, the jury that had originally been empaneled to determine defendant's guilt found that there were no mitigating factors sufficient to preclude the imposition of the death penalty. The circuit court then sentenced defendant to death for the murders and to two consecutive 60-year sentences for the aggravated criminal sexual assaults. On direct appeal, this court affirmed defendant's convictions and sentences. People v. Gosier, 145 Ill.2d 127, 163 Ill.Dec. 823, 582 N.E.2d 89 (1991), cert. denied, 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992).
Thereafter, defendant filed a post-conviction petition (725 ILCS 5/122-1 et seq. (West 1992)). The circuit court denied relief without an evidentiary hearing. Defendant appealed, and this court affirmed the judgement of the circuit court. People v. Gosier, 165 Ill.2d 16, 208 Ill.Dec. 308, 649 N.E.2d 364 (1995), cert. denied, 516 U.S. 872, 116 S.Ct. 194, 133 L.Ed.2d 130 (1995). Defendant next filed a petition for habeas corpus in the United States district court. The district court granted defendant a hearing on the issue of his competency to stand trial, but ultimately denied habeas relief. United States ex rel. Gosier v. Welborn, No. 96-C-2176, 1998 WL 341825 (N.D. Ill. June 18, 1998). The United States Court of Appeals for the Seventh Circuit affirmed the denial of relief. Gosier v. Welborn, 175 F.3d 504 (7th Cir.1999), cert. denied, 528 U.S. 1006, 120 S.Ct. 502, 145 L.Ed.2d 387 (1999).
On December 7, 1999, defendant filed a petition seeking relief pursuant to (i) the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 1998)), (ii) the state habeas corpus provisions (735 ILCS 5/10-101 et seq. (West 1998)), and (iii) section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1998)). The circuit court dismissed the petition in its entirety, upon motion of the State, and this appeal followed. 134 Ill.2d R. 651. We now affirm the judgment of the circuit court.

BACKGROUND
Our previous opinion on direct appeal contains a detailed factual recitation of the events leading to defendant's convictions and sentence. See Gosier, 145 Ill.2d 127, 163 Ill.Dec. 823, 582 N.E.2d 89. We need not repeat those facts here given the procedural bases upon which we resolve this appeal.
Defendant's present petition raised some 15 claims of error which purportedly occurred during the trial proceedings. Due to the fact that, in this court, defendant has identified only five claims as necessitating reversal, we will limit our discussion to those claims. As he did below, defendant initially contends that a bona *1268 fide doubt existed as to his competency at the time of trial, which in turns calls into question whether his guilty plea was knowingly and voluntarily given. Defendant further argues that he was denied a fair and reliable sentencing hearing because (i) the State improperly excused several venirepersons on the basis that they had reservations about the application of the death penalty, (ii) one of the jurors did not understand that his lone vote against a sentence of death would preclude its imposition, and (iii) one of the jurors was allowed to serve on the panel despite stating that he would automatically impose the death penalty upon a conviction for first degree murder. Defendant's final contention is that he was denied a fair and reliable sentencing hearing because of the "multiple and cumulative effects of numerous errors."
As noted previously, the State moved to dismiss the petition. In so doing, the State raised several distinct procedural challenges to the petition in the circuit court. The State argued that defendant's petition was time-barred under section 122-1 of the Post-Conviction Hearing Act and that defendant had failed to avail himself of the statutory exception to the time limitation. Moreover, the State contended that defendant's petition was an improper successive petition and that defendant had failed to establish that fundamental fairness necessitated the relaxation of the bar on such filings.
In ruling upon the State's motion, the circuit court found that defendant's petition was filed beyond the period of time mandated by the legislature in section 122-1. The circuit court further found that defendant did not meet the statutory exception to the timeliness requirement because his petition failed to include any allegations regarding the lack of culpable negligence. In the alternative, the circuit court also ruled that each of defendant's claims was barred by principles of waiver and res judicata, noting in particular that several of the claims had been thoroughly litigated in the federal habeas corpus proceedings and found to be without merit. The circuit court further found that defendant's claims for relief under the Illinois habeas corpus act and section 2-1401 of the Code of Civil Procedure were without merit. The court entered a written order to that effect, and this appeal followed.

ANALYSIS

Relief Under the Illinois Post-Conviction Hearing Act
The Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 1994)) provides a statutory remedy by which prisoners may collaterally attack a prior conviction and sentence. People v. Brisbon, 164 Ill.2d 236, 242, 207 Ill.Dec. 442, 647 N.E.2d 935 (1995). To be entitled to post-conviction relief, a defendant must establish that a substantial deprivation of federal or state constitutional rights occurred in the proceedings that resulted in the conviction or sentence being challenged. People v. Morgan, 187 Ill.2d 500, 528, 241 Ill.Dec. 552, 719 N.E.2d 681 (1999).
The Act contains several procedural hurdles a defendant must clear in order to claim relief. For example, section 122-1(c) of the Act expressly provides that no proceedings may be commenced after the passage of certain enumerated time periods "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 1998). In addition to the timeliness question, the Act contemplates the filing of only one petition, and "a ruling on a post-conviction petition has res judicata effect with respect to all claims that *1269 were raised or could have been raised in the initial petition." People v. Free, 122 Ill.2d 367, 375-76, 119 Ill.Dec. 325, 522 N.E.2d 1184 (1988); accord People v. Flores, 153 Ill.2d 264, 273-74, 180 Ill.Dec. 1, 606 N.E.2d 1078 (1992). Indeed, section 122-3 of the Act expressly states, "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 1998). Nevertheless, exceptions have been made to this requirement in a limited range of circumstances. This court has allowed successive petitions when the proceedings on the original petitions were said to be deficient in some fundamental way. Flores, 153 Ill.2d at 273-74, 180 Ill.Dec. 1, 606 N.E.2d 1078. In order to establish this deficiency, we have held that a defendant must demonstrate both cause and prejudice for the failure to assert the matter previously. See, e.g., People v. Jones, 191 Ill.2d 194, 198-99, 246 Ill.Dec. 346, 730 N.E.2d 26 (2000); People v. Holman, 191 Ill.2d 204, 210, 246 Ill.Dec. 359, 730 N.E.2d 39 (2000).
After reviewing defendant's allegations, we agree with the circuit court that defendant filed the instant petition well outside the time limitations set forth in section 122-1 of the Act. At the time defendant filed his petition, section 122-1(c) provided that, at most, defendant had three years from the date of his conviction to commence proceedings under the Act. See 725 ILCS 5/122-1(c) (West 1998). Defendant's trial took place in October 1988. Defendant filed his petition in this matter on December 7, 1999, some 11 years after the completion of his trial. Accordingly, defendant's filing of the petition falls beyond the time parameters established by the General Assembly and must be deemed untimely.
As noted previously, section 122-1(c) provides that no proceedings may be commenced after the passage of the enumerated time periods "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 1998). Defendant's petition does not contain any allegations, whatsoever, regarding defendant's lack of culpable negligence. On appeal, defendant has failed to point to any facts contained in the petition which would place him within the ambit of this statutory exception. Indeed, defendant has not made any effort in this proceeding to acknowledge the requirements of section 122-1, the tardiness of his petition, and the lack of any allegations regarding culpable negligence. Under these circumstances, the circuit court properly concluded that the petition was untimely and that defendant provided neither the facts nor the theory to demonstrate that the tardiness was due to his lack of culpable negligence. Accordingly, we affirm the circuit court's dismissal of defendant's petition for post-conviction relief under the Post-Conviction Hearing Act.
Our ruling that defendant's petition is time-barred is dispositive of this appeal with respect to the claims of relief made pursuant to the Act. Nevertheless, we would point outin a purely academic mannerthat even had defendant alleged facts that would establish that the late filing was not due to his culpable negligence, his petition would still be barred as an improper successive filing. Defendant has not satisfied the cause and prejudice test for his failure to raise these issues at an earlier point in the history of this case. Even if we were to assume defendant had cause for failing to raise these matters previously, he cannot establish prejudice. We believe that, as to the issue regarding defendant's competency, the opinions from the federal habeas corpus proceedings demonstrate a lack of prejudice. As to *1270 defendant's other claims, we cannot say that the errors identified by defendant so infected the trial and sentencing proceedings that defendant's convictions and sentence must be considered violations of due process.

Relief Under the Illinois Habeas Corpus Act
We next discuss whether defendant's allegations warrant relief pursuant to the state habeas corpus provisions.
Under Illinois law, a prisoner may seek habeas corpus relief in our courts. See 735 ILCS 5/10-101 et seq. (West 1998). However, the habeas corpus act provides relief only on the grounds specifically enumerated in section 10-124 of the act. See 735 ILCS 5/10-124 (West 1998). This court has consistently held that a writ under this act is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release. See Barney v. Prisoner Review Board, 184 Ill.2d 428, 430, 235 Ill.Dec. 1, 704 N.E.2d 350 (1998) (and cases cited therein). Moreover, a petition for habeas corpus may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights. Barney, 184 Ill.2d at 430, 235 Ill.Dec. 1, 704 N.E.2d 350, citing Newsome v. Hughes, 131 Ill.App.3d 872, 874, 87 Ill.Dec. 17, 476 N.E.2d 478 (1985).
The petition at issue in this case does not allege any error which is subject to review in habeas corpus proceedings. Defendant raises no question regarding jurisdiction, nor has he alleged a post-conviction event which would entitle him to release. Given these circumstances, we affirm the circuit court's judgment with respect to defendant's prayer for habeas corpus relief.

Relief Under Section 2-1401
In light of the fact that defendant also couched his petition in terms of relief pursuant to section 2-1401 of the Code of Civil Procedure, we next address whether the circuit court properly dismissed the claims within that context.
Initially, we note that although a section 2-1401 petition is usually characterized as a civil matter, relief under section 2-1401 extends to criminal cases. People v. Haynes, 192 Ill.2d 437, 460-61, 249 Ill.Dec. 779, 737 N.E.2d 169 (2000). We further note that a petition for relief from judgment made pursuant to section 2-1401 must be filed within two years after the entry of the judgment being challenged. 735 ILCS 5/2-1401(c) (West 1998). Petitions filed beyond the two-year period will not generally be considered. People v. Caballero, 179 Ill.2d 205, 210, 227 Ill.Dec. 965, 688 N.E.2d 658 (1997) (and cases cited therein). As we stated in Caballero,
"[T]he two year limitation mandated by section 2-1401 and its predecessor, section 72 [citation], must be adhered to in the absence of a clear showing that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed. Crowell v. Bilandic, 81 Ill.2d 422, 427 [44 Ill.Dec. 110, 411 N.E.2d 16] (1980); People v. Berland, 74 Ill.2d 286, 317, [24 Ill.Dec. 508, 385 N.E.2d 649] (1978). Moreover, the fact that a post-judgment motion or an appeal may be pending does not serve to toll the period of limitation. See Sidwell v. Sidwell, 127 Ill.App.3d 169, 174 [82 Ill.Dec. 138, 468 N.E.2d 200] (1984)." Caballero, 179 Ill.2d at 211, 227 Ill.Dec. 965, 688 N.E.2d 658. *1271 A person may also seek relief beyond the two-year limitation of section 2-1401 where the judgment being challenged is void (People v. Harvey, 196 Ill.2d 444, 447, 257 Ill.Dec. 98, 753 N.E.2d 293 (2001)) or where the opposing party has waived the limitation period (People v. Ross, 191 Ill. App.3d 1046, 1053, 139 Ill.Dec. 142, 548 N.E.2d 527 (1989)).
Defendant's request for section 2-1401 relief was filed 11 years after the judgment of conviction was entered and sentence imposed in 1988. Defendant does not contend that any of the grounds for tolling the limitations period exist. Nor does he claim that the judgment being challenged is void. Moreover, waiver does not apply because the State raised the issue in its motion to dismiss. For these reasons, we affirm the judgment of the circuit court in this respect.

CONCLUSION
In light of the foregoing, we affirm the circuit court's dismissal of defendant's post-conviction petition. The clerk of this court is directed to enter an order setting Tuesday, January 22, 2002, as the date on which the sentence of death, entered by the circuit court of Champaign County, shall be carried out. Defendant shall be executed in the manner provided by law. 725 ILCS 5/119-5 (West 1996). The clerk of this court shall send a certified copy of this mandate to the Director of Corrections, to the warden of Tamms Correctional Center, and to the warden of the institution where defendant is now confined.
Circuit court judgment affirmed.
Justice GARMAN, specially concurring:
I agree with the result reached in this case. However, I do not agree with the court's statement that relief from a final judgment may be had under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 1998)) beyond the two-year limitation of that section where the judgment is being challenged as void. I have previously expressed my views on this subject in my special concurrence in People v. Harvey, 196 Ill.2d 444, 457-60, 257 Ill.Dec. 98, 753 N.E.2d 293 (2001) (Garman, J., specially concurring, joined by Fitzgerald and Thomas, JJ.).
Initially, I note that defendant here did not challenge the judgment as void. The court's general statement concerning how one may challenge a void judgment is unnecessary to the resolution of this case and is, therefore, dicta.
Section 2-1401 of the Code contains exceptions to its two-year time limitation only where the person seeking relief is under a legal disability or duress, or where the grounds for relief have been fraudulently concealed. 735 ILCS 5/2-1401(c) (West 1998). No exception to the time limitation is provided for a petition challenging a judgment as void. In fact, section 2-1401(f) explicitly recognizes that petitions to vacate void judgments do not come within the scope of the statute, stating that nothing contained in section 2-1401 "affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 1998).
As I noted in my special concurrence in Harvey, 196 Ill.2d at 459-60, 257 Ill.Dec. 98, 753 N.E.2d 293, case law demonstrates that a party may challenge a void judgment at any time by motion or petition presented to the court. A petition challenging a void judgment is procedurally distinct from one brought pursuant to section 2-1401, in that the former is not subject to the time limitation of a section 2-1401 motion, nor is it subject to any due diligence requirements. People v. Reymar Clinic Pharmacy, Inc., 246 Ill.App.3d 835, 841, 186 Ill.Dec. 796, 617 N.E.2d 35 (1993). *1272 Indeed, a party may not properly invoke section 2-1401 relief in challenging a judgment as void even where the petition is brought within two years following entry of the judgment. In People ex rel. McGraw v. Mogilles, 136 Ill.App.3d 67, 90 Ill.Dec. 831, 482 N.E.2d 1114 (1985), the defendant filed a motion to vacate a judgment for lack of jurisdiction. The challenged judgment was entered on October 28, 1983, and the motion was filed on May 4, 1984. That motion was not designated as a section 2-1401 motion. McGraw, 136 Ill.App.3d at 71, 90 Ill.Dec. 831, 482 N.E.2d 1114. Following denial of the motion, the defendant filed a second motion for relief from judgment, this one pursuant to section 2-1401 of the Code, alleging that he had a meritorious defense. McGraw, 136 Ill.App.3d at 69-70, 90 Ill.Dec. 831, 482 N.E.2d 1114. In response to the plaintiff's argument that the defendant's first motion to vacate must be treated as a section 2-1401 motion, the appellate court stated:
"We do not find merit in plaintiff's argument that both of defendant's motions must be considered as under section 2-1401. This court has recently reaffirmed that a pleading attacking a judgment for lack of jurisdiction is not restricted to the requirements of section 2-1401 of the Code of Civil Procedure and void judgments may be set aside on motion even after 30 days from rendition. [Citations.] Subsection (f) of section 2-1401 of the Code of Civil Procedure also acts to preserve the existing right of a party to seek relief from a void judgment by means other than section 2-1401, and we consider defendant by his first motion to vacate did so here." McGraw, 136 Ill.App.3d at 72, 90 Ill.Dec. 831, 482 N.E.2d 1114.
Other cases have construed section 2-1401 of the Code or its predecessor, section 72 of the former Civil Practice Act (Ill.Rev.Stat.1979, ch. 110, par. 72), as providing no grounds for relief from a void judgment where the petition is filed within two years following entry of the judgment. See, e.g., Nelson v. United Airlines, Inc., 243 Ill.App.3d 795, 799, 184 Ill.Dec. 104, 612 N.E.2d 980 (1993) (motion to vacate default judgment as void for lack of personal jurisdiction was filed four months after entry of judgment; appellate court refused to consider motion under section 2-1401 of the Code, noting that it is well settled that a motion to vacate a judgment for lack of jurisdiction is not considered a section 2-1401 petition); Mason v. Freeman National Printing Equipment Co., 51 Ill.App.3d 581, 585, 9 Ill.Dec. 504, 366 N.E.2d 1015 (1977) (motion to vacate default judgment as void for lack of personal jurisdiction was filed less than six months following judgment; appellate court held that defendant was not required to plead a meritorious defense, as section 72, by its express terms, is not applicable to a motion to vacate a void judgment); G. Brock Stewart, Inc. v. Valenti, 43 Ill.App.3d 673, 674, 2 Ill.Dec. 203, 357 N.E.2d 180 (1976) (construing a petition alleging lack of personal jurisdiction to be in the nature of a special and limited appearance); Mabion v. Olds, 84 Ill.App.2d 291, 294-95, 228 N.E.2d 188 (1967) (holding that a motion attacking a default judgment as void filed less than one year after entry of judgment would not be considered a petition under section 72 of the former Civil Practice Act).
I note that section 2-1401(f) of the Code is identical to the language of section 72(6) of the former Civil Practice Act (Ill.Rev. Stat.1979, ch. 110, par. 72(6)). Certainly, if section 2-1401 of the Code is not applicable to a motion attacking a void judgment within that section's two-year time limitation, it would be anomalous to hold that a motion attacking a void judgment filed beyond *1273 the two-year time limitation may be considered under section 2-1401.
The language of section 2-1401(f) is clear. There is no basis in the statutory language of section 2-1401 or case law interpreting that section for the majority's statement that motions challenging judgments as void that are filed beyond the two-year limitation of section 2-1401 may be brought under that section.
Justices FITZGERALD and THOMAS join in this special concurrence.
Chief Justice HARRISON, dissenting:
The majority is correct in holding that the two-year time limitation contained in section 2-1401 does not apply when a party challenges a judgment on the grounds that it is void. People v. Harvey, 196 Ill.2d 444, 257 Ill.Dec. 98, 753 N.E.2d 293 (2001). It is incorrect in holding that Gosier is not entitled to substantive relief. The proceedings which culminated in Gosier's sentence of death were fatally flawed because they did not comport with the new rules enacted by our court governing the conduct of cases in which the State is seeking the death penalty. For the reasons set forth in my dissenting opinion in People v. Hickey, 204 Ill.2d 585, 631-36, 275 Ill.Dec. 1, 792 N.E.2d 232 (2001) (Harrison, C.J., dissenting), the procedures contained in those rules are indispensable for achieving an accurate determination of innocence or guilt and are applicable to all capital cases now coming before us. Because Gosier was tried, convicted and sentenced without the benefit of the new rules, his convictions and death sentence should be vacated, and the cause should be remanded to the circuit court for a new trial.
Even if Gosier were not entitled to the benefit of the new rules, his sentence of death could not stand. For the reasons set forth in my partial concurrence and partial dissent in People v. Bull, 185 Ill.2d 179, 235 Ill.Dec. 641, 705 N.E.2d 824 (1998), the Illinois death penalty law is void and unenforceable because it violates the eighth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VIII, XIV) and article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). Absent the new rules, there is no basis for altering that conclusion. At a minimum, Gosier's sentence of death should therefore be vacated, and he should be sentenced to a term of imprisonment. Ill.Rev.Stat.1987, ch. 38, par. 9-1(j). Because he was convicted of murdering more than one victim, the term of imprisonment must be natural life. Ill. Rev.Stat.1987, ch. 38, par. 1005-8-1(a)(1)(c).
Justice KILBRIDE, also dissenting:
Like Chief Justice Harrison, I believe that the majority is correct in holding that the two-year limitation of section 2-1401 does not apply when a judgment is being challenged as void. People v. Harvey, 196 Ill.2d 444, 257 Ill.Dec. 98, 753 N.E.2d 293 (2001). I also agree with Chief Justice Harrison that defendant's convictions and sentence should be set aside. For the reasons set forth in my dissents in People v. Hickey, 204 Ill.2d 585, 636-40, 275 Ill. Dec. 1, 792 N.E.2d 232 (2001) (Kilbride, J., dissenting), and People v. Simpson, 204 Ill.2d 536, 581-85, 275 Ill.Dec. 34, 792 N.E.2d 265 (2001) (Kilbride, J., dissenting), I believe this cause should be remanded for a new trial conducted in compliance with the new rules governing capital cases. As I stated in my dissents, the procedures in capital cases prior to this court's adoption of the new rules were inherently unreliable and did not sufficiently protect a defendant's constitutional rights. For this reason, I believe that the new rules should *1274 be applied retroactively. Therefore, I respectfully dissent.