NOTICE
Decision filed 05/15/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190189-U

NO. 5-19-0189

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| RICHARD D. HEATHERLY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 19-MR-63 |
| | ) | |
| DANIEL CLARKE, Taylorville | ) | |
| Correctional Center Warden,* | ) | Honorable |
| | ) | Amanda S. Ade-Harlow, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Overstreet and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the complaint was insufficient on its face to warrant *habeas corpus* relief, the circuit court's *sua sponte* dismissal of the plaintiff's *habeas corpus* complaint is affirmed.

¶ 2    The plaintiff, Richard D. Heatherly, appeals *pro se* the *sua sponte* dismissal of his complaint for *habeas corpus*. On appeal, he argues that the circuit court erred in dismissing his complaint because the court which rendered his judgment of conviction lost jurisdiction

_____

*Because the proper defendant in a *habeas corpus* action is the prisoner's current custodian (see *Hennings v. Chandler*, 229 Ill. 2d 18, 23 n.2 (2008)), Daniel Clarke, acting warden of Taylorville Correctional Center, where plaintiff is incarcerated, is the sole and proper defendant in this appeal.

1

when it failed to ensure that his waiver of his right to a speedy trial was knowing and intelligent. He also argues that counsel rendered ineffective assistance by failing to seek a discharge based on speedy trial grounds and that section 103-5 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/103-5 (West 2016)) is unconstitutional. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      On November 18, 2016, the plaintiff pleaded guilty to one count of predatory criminal sexual assault of a child in violation of section 11-1.40(a)(1) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-1.40(a)(1) (West 2016)) and was sentenced to 11 years in the Illinois Department of Corrections (IDOC) with a minimum of 3 years of mandatory supervised release. No direct appeal followed. The plaintiff is scheduled for discharge of his sentence on November 27, 2024. See IDOC website, available at https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Apr. 20, 2020); *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66 (court may take judicial notice of information on IDOC website).

¶ 5      On April 19, 2019, the plaintiff filed a *pro se* complaint for *habeas corpus* and an accompanying memorandum of law. He alleged that the circuit court lost jurisdiction when it failed to ensure that his waiver of his constitutional and statutory rights to a speedy trial was knowing and intelligent. Specifically, he argued that the circuit court failed to notify him that the speedy trial term would be tolled if he requested a continuance, acquiesced to a continuance, or failed to object to a requested continuance. He also argued that plea counsel was ineffective for failing to seek a discharge based on the alleged speedy trial

2

violation and that section 103-5 of the Procedure Code was unconstitutional because it permits tolling of the speedy trial term without an explicit warning to the defendant in person and on the record. The court *sua sponte* dismissed the plaintiff's complaint, finding that it failed to allege any basis for *habeas* relief. This timely appeal followed.

¶ 6                                                        ANALYSIS

¶ 7    On appeal, the plaintiff argues that the circuit court erred in dismissing his complaint for *habeas corpus* relief *sua sponte*. He contends that (1) the circuit court's failure to ensure that his waiver of his speedy trial rights was knowing and intelligent deprived him of due process and divested the court of jurisdiction, (2) his absence from the courtroom when his speedy trial rights were waived was not cured by the presence of his attorney, (3) the test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), for determining whether a defendant has been denied his constitutional right to a speedy trial is inappropriate in determining whether he is entitled to *habeas* relief, (4) the rule that a guilty plea waives all nonjurisdictional errors is inapplicable where the circuit court lacked jurisdiction, (5) plea counsel rendered ineffective assistance by failing to seek a discharge based on speedy trial grounds, and (6) section 103-5 of the Procedure Code is unconstitutional.

¶ 8    We begin by noting that the record from the plaintiff's underlying guilty plea and conviction has not been included in the record on appeal, and the plaintiff's complaint for *habeas corpus* relief does not set forth any of the facts upon which his speedy trial claim is based. It is well-settled that the appellant bears the burden of presenting a sufficiently complete record and that any doubts arising from an incomplete record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

3

¶ 9    "It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008) (citing *People v. Gosier*, 205 Ill. 2d 198, 205 (2001), and *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)). "A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in the statute, even though the alleged error involves a denial of constitutional rights. [Citations]." *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 320 (2001). The circuit court may *sua sponte* dismiss a petition for a writ of *habeas corpus* that is patently nonmeritorious or insufficient on its face. *Beacham*, 231 Ill. 2d at 59; *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008). We apply a *de novo* standard of review to the dismissal of an application for *habeas corpus*. *Hennings*, 229 Ill. 2d at 24.

¶ 10    As the plaintiff does not allege the occurrence of any postconviction event that entitles him to release, we need only consider whether the alleged violation of his right to speedy trial deprived the circuit court of jurisdiction.

¶ 11    It has long been held that subject matter jurisdiction is granted to the circuit courts by the Illinois Constitution, and that they "have jurisdiction in all cases involving offenses which fall within the ambit of section 1-5 of the Criminal Code [citation]." *People v. Gilmore*, 63 Ill. 2d 23, 26 (1976). "A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea." *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (citing *People v. Speed*, 318 Ill. App. 3d 910, 932 (2001)).

4

Once a court has acquired jurisdiction, no subsequent error or irregularity will oust jurisdiction. *Id.* at 1157.

¶ 12    In this case, the circuit court acquired subject matter jurisdiction when the plaintiff was charged with a violation of the Criminal Code, and it acquired personal jurisdiction when he appeared before the court. No subsequent error involving the plaintiff's speedy trial rights would have divested the court of jurisdiction. Because the plaintiff's *habeas* complaint alleged no set of facts that would support a finding that the court which entered his conviction lacked jurisdiction or the occurrence of a postconviction event entitling him to release, the circuit court properly dismissed his complaint. *Gosier*, 205 Ill. 2d at 205.

¶ 13                                    CONCLUSION

¶ 14    For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.

¶ 15    Affirmed.