NOTICE
Decision filed 07/13/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190146-U

NO. 5-19-0146

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LEWIS BASSETT,* Inmate No. Y28533, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 19-MR-35 |
| | ) | |
| DANIEL CLARKE, Taylorville Correctional Center Acting Warden,† | ) | |
| | ) | Honorable |
| | ) | Amanda S. Ade-Harlow, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held*: Where the complaint was insufficient on its face to warrant *habeas corpus* relief, the circuit court's *sua sponte* dismissal of the plaintiff's *habeas corpus* complaint is affirmed.

¶ 2     The plaintiff, Lewis Bassett, appeals *pro se* the *sua sponte* dismissal of his complaint for *habeas corpus*. On appeal, he argues that because section 12-4.6(a) of the

_____

*The Illinois Department of Corrections spells the plaintiff's name as "Lewis Basset." This order adopts the spelling "Lewis Bassett" used by the plaintiff in his various *pro se* filings.

†Because the proper defendant in a *habeas corpus* action is the prisoner's current custodian (see *Hennings v. Chandler*, 229 Ill. 2d 18, 23 n.2 (2008)), Daniel Clarke, acting warden of Taylorville Correctional Center, where plaintiff is incarcerated, is the sole and proper defendant in this appeal.

1

Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-4.6(a) (West 2004)) was repealed, the trial court lacked jurisdiction to sentence him, thereby rendering his conviction void. For the following reasons, we affirm.

¶ 3                                BACKGROUND

¶ 4    In 2005, the plaintiff was convicted in the circuit court of Cook County of aggravated battery of a senior citizen in violation of section 12-4.6(a) of the Criminal Code. The plaintiff fled prior to sentencing. In March 2018, he was apprehended and subsequently sentenced to a seven-year term of imprisonment, to be followed by two years of mandatory supervised release. The plaintiff is scheduled to discharge his sentence on November 11, 2025. See Illinois Department of Corrections (IDOC) website, available at https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited June 17, 2020); *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66 (court may take judicial notice of information on IDOC website).

¶ 5    On March 6, 2019, plaintiff filed *pro se* a complaint for *habeas corpus* relief arguing that his conviction is void because section 12-4.6(a) was repealed by Public Act 96-1551 (eff. July 1, 2011) prior to sentencing. The circuit court *sua sponte* dismissed the plaintiff's complaint, finding that his *habeas corpus* petition was not a substitute for his direct appeal which was pending. This timely appeal followed.

¶ 6                                 ANALYSIS

¶ 7    On appeal, the plaintiff argues that the circuit court erred in *sua sponte* dismissing his complaint for *habeas corpus* relief because the repeal of section 12-4.6(a) of the Criminal Code prior to sentencing rendered his conviction void.

2

¶ 8    "It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008) (citing *People v. Gosier*, 205 Ill. 2d 198, 205 (2001), and *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)).  "A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in the statute, even though the alleged error involves a denial of constitutional rights.  [Citations.]"  *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 320 (2001). The circuit court may *sua sponte* dismiss a petition for a writ of *habeas corpus* that is patently nonmeritorious or insufficient on its face.  *Beacham*, 231 Ill. 2d at 59; *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008).  We apply a *de novo* standard of review to the dismissal of an application for *habeas corpus*.  *Hennings*, 229 Ill. 2d at 24.

¶ 9    It has long been held that subject matter jurisdiction is granted to the circuit courts by the Illinois Constitution, and that they "have jurisdiction in all cases involving offenses which fall within the ambit of section 1-5 of the Criminal Code [citation]."  *People v. Gilmore*, 63 Ill. 2d 23, 26 (1976).  "A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins" in the proceedings.  *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (citing *People v. Speed*, 318 Ill. App. 3d 910, 915 (2001)). Once a court has acquired jurisdiction, no subsequent error or irregularity will oust jurisdiction. *Id.* at 1157.

¶ 10    It is unclear whether the plaintiff is arguing that the repeal of section 12-4.6(a) prior to his being sentenced ousted the circuit court's subject matter jurisdiction or constitutes the occurrence of a postconviction event entitling him to release. The plaintiff's argument is meritless in either case because the underlying premise of that argument—that the repeal of section 12-4.6(a) invalidated his conviction—is incorrect.

¶ 11    Initially, we note that while section 12-4.6 was repealed, the conduct it proscribed was recodified as section 12-3.05(a)(4) of the Criminal Code. "Under section 12-4.6(a), '[a] person who, in committing battery, intentionally or knowingly causes great bodily harm or permanent disability or disfigurement to an individual of 60 years of age or older commits aggravated battery of a senior citizen.' [720 ILCS 5/]12-4.6(a) [(West 2008)].[2]" *People v. Smith*, 2019 IL 123901, ¶ 38. Footnote 2 states, "This offense is now recodified as a form of aggravated battery under section 12-3.05(a)(4) of the Criminal Code of 2012. 720 ILCS 5/12-3.05(a)(4) (West 2016)." *Smith*, 2019 IL 123901, ¶ 38 n.2. The enactment of Public Act 96-1551 did not nullify the offense of which the plaintiff was convicted, it merely recodified the offense under a different title and section. The conduct proscribed by section 12-4.6 remained proscribed by section 12-3.05(a)(4).

¶ 12    More importantly, the repeal of section 12-4.6(a) would not invalidate the plaintiff's conviction even absent recodification. In *People v. Glisson*, 202 Ill. 2d 499 (2002), the defendant was convicted of violating section 401.5(a-5) of the Illinois Controlled Substances Act (720 ILCS 570/401.5(a-5) (West 1998)). Subsequent to the defendant's conviction and while her appeal was pending, the legislature repealed section 401.5(a-5), eliminating the offense for which the defendant was convicted. Our supreme court held

4

that the general savings clause of section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2000)) preserved the defendant's conviction because section 401.5(a-5) criminalized her conduct at the time the conduct occurred. *Glisson*, 202 Ill. 2d at 508. Here, the repeal of section 12-4.6(a) did not invalidate the defendant's conviction because it criminalized his conduct at the time the conduct occurred.

¶ 13   The circuit court acquired subject matter jurisdiction when the plaintiff was charged with a violation of the Criminal Code, and it acquired personal jurisdiction when he appeared before the court. The subsequent repeal and recodification of section 12-4.6(a) neither deprived the court of jurisdiction nor constituted a postconviction event entitling him to release because it did not affect the validity of his conviction.

¶ 14   Because the plaintiff's *habeas* complaint alleged no set of facts that would support a finding that the court which entered his conviction lacked jurisdiction or the occurrence of a postconviction event entitled him to release, the circuit court properly dismissed his complaint. *Gosier*, 205 Ill. 2d at 205.

¶ 15                                   CONCLUSION

¶ 16   For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.


¶ 17   Affirmed.