NOTICE
Decision filed 08/17/21. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2021 IL App (5th) 180522-U

NO. 5-18-0522

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JOHN A. POWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 18-MR-38 |
| | ) | |
| VICTOR CALLOWAY, Warden, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's *sua sponte* denial of the plaintiff's *habeas corpus* complaint because the complaint was insufficient on its face to warrant relief.

¶ 2    The plaintiff, John A. Powell, appeals *pro se* the *sua sponte* dismissal of his complaint for *habeas corpus*.  On appeal, he argues that he is entitled to release because the court which entered his conviction lacked jurisdiction.  For the following reasons, we affirm.

¶ 3    The plaintiff's *habeas corpus* complaint focused on two separate 2014 convictions for residential burglary (Cook County case Nos. 14C-66097-01 and 14C-660095-01).  In

1

both cases, the plaintiff represented himself and was convicted following a jury trial. He was sentenced to 15 and 18 years' incarceration, respectively, with his sentences to run concurrently.

¶ 4    On January 23, 2018, plaintiff filed a complaint in Jefferson County for *habeas corpus* relief, alleging, *inter alia*, that the Cook County trial court lacked jurisdiction because the judge entered a plea of not guilty on the plaintiff's behalf and without his permission. The Jefferson County circuit court dismissed the plaintiff's *habeas corpus* complaint *sua sponte*. This appeal followed.

¶ 5    "It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008) (citing *People v. Gosier*, 205 Ill. 2d 198, 205 (2001), and *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)). "A petition for writ of *habeas corpus* may not be used to review proceedings that do not exhibit one of the defects set forth in the statute, even though the alleged error involves a denial of constitutional rights. [Citations.]" *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 320 (2001). The circuit court may *sua sponte* dismiss a petition for a writ of *habeas corpus* that is patently nonmeritorious or insufficient on its face. *Beacham*, 231 Ill. 2d at 59; *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008). We apply a *de novo* standard of review to the dismissal of an application for *habeas corpus*. *Hennings*, 229 Ill. 2d at 24.

2

¶ 6   The plaintiff's complaint did not allege the happening of a postconviction occurrence entitling him to release.  Instead, he argued that the court which entered his convictions lacked jurisdiction because the court violated his sixth amendment right to counsel when it entered a plea of not guilty on his behalf and without his consent.  The plaintiff's claim is meritless.

¶ 7   It has long been held that subject matter jurisdiction is granted to the circuit courts by the Illinois Constitution, and that they "have jurisdiction in all cases involving offenses which fall within the ambit of section 1-5 of the Criminal Code [citation]."  *People v. Gilmore*, 63 Ill. 2d 23, 26 (1976).  "A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins" in the proceedings.  *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (citing *People v. Speed*, 318 Ill. App. 3d 910, 932 (2001)).  Once a court has acquired jurisdiction, no subsequent error or irregularity will oust jurisdiction.  *Id.* at 1157.

¶ 8   Here, the trial court acquired subject matter jurisdiction when the plaintiff was charged with residential burglary in violation of the Criminal Code of 2012 (720 ILCS 5/19-3(a) (West 2012)), and it acquired personal jurisdiction when he appeared before the court.  Assuming, *arguendo*, that the trial court erred in entering a plea of not guilty on the plaintiff's behalf, such error would not have ousted jurisdiction.

¶ 9   Because the plaintiff's *habeas* complaint alleged no set of facts that would support a finding that the court which entered his conviction lacked jurisdiction, nor did he argue the occurrence of a postconviction event which entitles him to release, the circuit court properly dismissed his complaint.  *Gosier*, 205 Ill. 2d at 205.

¶ 10    The plaintiff also argues that the Cook County circuit court denied his request for transcripts of his trial that he needed for his *habeas corpus* complaint. This argument is not properly before this court. Any appeal from an order or judgment of the circuit court of Cook County, other than those appealable directly to the Illinois Supreme Court, must be appealed to the First District Appellate Court. See 705 ILCS 25/8.1 (West 2018).

¶ 11    For the foregoing reasons, the judgment of the circuit court of Jefferson County is affirmed.

¶ 12    Affirmed.