2026 IL App (1st) 241343-U
No. 1-24-1343
Order filed April 8, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| RAFAEL ALVARADO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 11845 |
| | ) | |
| MATTHEW PLUMMER, Warden, Menard | ) | |
| Correctional Center, | ) | Honorable |
| | ) | Marc W. Martin, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's denial of plaintiff's *habeas corpus* complaint and subsequent motions where plaintiff failed to establish that he was entitled to relief.

¶ 2    Plaintiff Rafael Alvarado appeals *pro se* from the circuit court's denials of his *pro se habeas corpus* complaint and subsequent motions. On appeal, plaintiff argues that the circuit court

erred because his convictions are void due to the circuit court lacking personal and subject matter jurisdiction.[1] We affirm.

¶ 3    Following a 2010 jury trial, plaintiff was found guilty of first degree murder and intentional homicide of an unborn child and sentenced to consecutive prison terms of 60 years and 40 years, respectively. We affirmed on direct appeal. See *People v. Alvarado*, 2012 IL App (1st) 103784-U.

¶ 4    On August 15, 2022, plaintiff filed a *pro se habeas corpus* complaint alleging that his conviction and sentence were void because the circuit court lacked personal and subject matter jurisdiction where he was "charged under U.C.C." and the name "Rafael Alvarado," spelled in capital letters on the indictment, is an "artificial creation of the law." On June 13, 2023, plaintiff filed a motion for default judgment due to the warden of Menard Correctional Center (Menard) not responding to his complaint. On November 17, 2023, plaintiff filed another *habeas corpus* complaint reasserting the claims from his August 2022 filing.

¶ 5    On January 10, 2024, the Attorney General of Illinois filed a motion to dismiss the *habeas corpus* complaint due to plaintiff failing to properly serve the warden of Menard.

¶ 6    On February 23, 2024, following arguments, the circuit court denied the *habeas corpus* complaint with prejudice. The record on appeal lacks a transcript of the hearing.

¶ 7    Plaintiff filed a timely *pro se* motion objecting to the circuit court's denial of the *habeas corpus* complaint due to alleged judicial misconduct and bias toward the warden of Menard. On

---

[1] Pursuant to section 10-101 of the Code of Civil Procedure, the party bringing a *habeas corpus* action, here Rafael Alvarado, shall be designated as "plaintiff." 735 ILCS 5/10-101 (West 2022). Further, the defendant in *habeas corpus* actions is the person in whose custody or under whose restraint the appellant prisoner resides. *Hennings v. Chandler*, 229 Ill. 2d 18, 23 n.2 (2008) (citing 735 ILCS 5/10-107 (West 2002)). As such, we have revised the caption of this order to reflect the name of the current warden of Menard Correctional Center, where plaintiff is incarcerated.

May 21, 2024, plaintiff filed a *pro se* motion for "deferred" judgment requesting the court be held in default for failing to respond to his motion to object. On May 31, 2024, the circuit court denied both motions "for the reason stated in open court." The record on appeal lacks a transcript of the hearing.

¶ 8 On appeal, plaintiff argues that the circuit court erred in denying his *habeas corpus* complaint and subsequent motions because his convictions are void due to the circuit court lacking personal and subject matter jurisdiction.

¶ 9 To start, plaintiff failed to provide on appeal a report of any proceedings or an acceptable substitute such as a bystander's report or an agreed statement of facts which would detail the evidence presented at the hearings and the court's reasoning in denying the complaint and motions. See Ill. S. Ct. R. 323 (eff. July 1, 2017). Plaintiff, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings *** to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Any doubts due to the incompleteness of the record are resolved against the appellant. *Id.* at 392. That said, to the extent that the record on appeal permits review of plaintiff's argument, it is apparent that he is not entitled to relief.

¶ 10 *Habeas corpus* relief is available "only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008); see also 735 ILCS 5/10-124 (West 2022). Moreover, the "writ [of *habeas corpus*] should never issue unless a petition is presented which is in substantial accord and compliance with the provisions of the statute, and which shows upon its face that the petitioner is entitled to his discharge." (Internal quotation marks

omitted.) *Id*. at 59. "[I]f it is clear from a review of the complaint, that the plaintiff is not entitled to the relief of *habeas corpus*, the order shall be denied." (Internal quotation marks omitted.) *Id*. A denial of a *habeas corpus* complaint is reviewed *de novo*. *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008).

¶ 11     A circuit court obtains personal jurisdiction "over a [criminal] defendant when he appears before it." *People v. Rios*, 2013 IL App (1st) 121072, ¶ 15. Subject matter jurisdiction is defined as "the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *People v. Hughes*, 2012 IL 112817, ¶ 20. It is conferred by the Illinois Constitution, which provides that a circuit court shall have "jurisdiction of all justiciable matters" absent certain exceptions. Ill. Const. 1970, art. VI, § 9. A "justiciable matter" is defined as "a controversy appropriate for review by the court," which includes criminal matters. *Hughes*, 2012 IL 112817 ¶¶ 20-21.

¶ 12     Here, the circuit court did not err in denying plaintiff's *habeas corpus* complaint and subsequent motions, which merely make conclusory statements that the circuit court lacked personal and subject matter jurisdiction without providing adequate arguments or evidence in support. Plaintiff was arrested, charged, and indicted on the criminal offenses of first degree murder and intentional homicide of an unborn child and appeared before the circuit court where he was ultimately convicted and sentenced. Therefore, the circuit court acquired both personal and subject matter jurisdiction. Likewise, plaintiff has not established an occurrence subsequent to his conviction that would entitle him to release. Furthermore, plaintiff's contentions regarding the "U.C.C." and indictment have no basis in the law.

¶ 13    Because plaintiff's *habeas corpus* complaint contained no facts that would support a finding of jurisdictional error or a postconviction occurrence entitling him to release, the circuit court properly denied the complaint and subsequent motions. See *People v. Gosier*, 205 Ill. 2d 198, 206 (2001).

¶ 14    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 15    Affirmed.